UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVON EVANS,<br><br>Defendant. | No. CR21-68-RSM<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Entry of a Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Davon Evans' interest in the following property:

1. One Maverick Arms Model 88, 20-gauge shotgun, with serial number MV0341678;

2. One Ruger Model LC9, 9mm parabellum caliber pistol, with serial number 32487543;

3. One Stoeger Model Cougar 8000, 9mm parabellum caliber pistol, with serial number T6429-15A02179;

4. One Stoeger Model STR-9, 9mm parabellum caliber pistol with serial number T6429-19U02081;

5. Any associated ammunition, seized from Defendant on April 7, 2021;

Preliminary Order of Forfeiture - 1
*U.S. v. Evans*, CR21-68-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  6. $320 in U.S. currency seized from Defendant's truck; and

  7. $944.01 in U.S. currency seized from Defendant's residence on April 7, 2021.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that entry of a Preliminary Order of Forfeiture is appropriate because:

- The property identified above as items 1-5 is forfeitable pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. 2461(c), as firearms and ammunition involved in the Defendant's commission of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 2;

- The property identified above as items 6-7 is forfeitable pursuant to 21 U.S.C. § 853(a), as property facilitating the Defendant's commission of and Manufacturing Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), or proceeds of that offense; and,

- Pursuant to the Plea Agreement he entered on February 4, 2022, the Defendant agreed to forfeit the above-identified property, which is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. §2461(c), and 21 U.S.C. § 853(a).  Dkt. No. 46, ¶12.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. 2461(c), 21 U.S.C. § 853(a), and his Plea Agreement, the Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The United States Department of Justice, the Federal Bureau of Investigation, the United States Marshals Service, and/or their authorized agents or

Preliminary Order of Forfeiture - 2
*U.S. v. Evans*, CR21-68-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970

representatives, shall maintain the above-identified property in its custody and control until further order of this Court;

4. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website—www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall also, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the above identified property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b. shall be signed by the petitioner under penalty of perjury; and

    c. shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues presented by that petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held.  Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

Preliminary Order of Forfeiture - 3
*U.S. v. Evans*, CR21-68-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 21st day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

*s/Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart St., Suite 5220
Seattle, WA 98101
(206) 553-2242
Krista.Bush@usdoj.gov

Preliminary Order of Forfeiture - 4
U.S. v. Evans, CR21-68-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970